UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBEY HAIRSTON,<br><br>    Petitioner,<br><br>  v.<br><br>B. DE VEIGA, et al,<br><br>    Respondents. | No. 2:19-cv-1284 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, seeks habeas relief pursuant to 28 U.S.C. § 2254 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF Nos. 1, 6.

For the reasons stated below, the court will grant petitioner's motion to proceed in forma pauperis. However, the undersigned will also recommend that this action be summarily dismissed.

I.   IN FORMA PAUPERIS APPLICATION

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. See ECF Nos. 1, 6. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

////

////

## II. RELEVANT FACTS

Petitioner, a state prisoner currently housed at California State Prison – Corcoran ("CSP-Corcoran") has presented a petition which asserts five putative claims, all of which are difficult to decipher. See generally ECF No. 1 at 5-8. To the extent any of them can be understood, none challenge petitioner's conviction or sentence. For example, the first lines of Claim One state verbatim, "FRAUD, ON 1, 5, 19 CDCR, bad Substance abuse Refuse To CorrecT Records, Their FasIFying Time Log's All the programs are making student's eugally Ao Extra Mon Month's" ECF No. 1 at 5. The first lines of Claim Two reads verbatim: "Medical negligence court mandate this SAP's vB-Bs! The counsler Refuse to do their job, when Ask For Doctor 7 1/30/19. Id. The rest of the petition reads similarly. It is riddled with unclear, unrelated phrases like, "assault's, everday fo 7 months" and "make all students bet on the floor, CO's…" Petitioner asks for $900 billion dollars in damages. ECF No. 1 at 6.

In sum, no cognizable claims can be identified. What is, clear, however, is the petition does not attempt to contest petitioner's conviction or sentence.

## III. STANDARD OF REVIEW

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Rule 4 of the Habeas Rules Governing Section 2254 Cases requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court must also dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or that fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Rule 2(c) of the Rules Governing § 2254 Cases requires every habeas petition to: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground, and (3) state the relief requested. Pro se pleadings are held to a less stringent standard

than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, a petitioner must give fair notice of his claims by stating the factual and legal elements of each claim in a short, plain, and succinct manner.  See Mayle v. Felix, 545 U.S. 644, 648 (2005) ("In ordinary civil proceedings . . . Rule 8 of the Federal Rules of Civil Procedure requires only 'a short and plain statement . . . .  Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement.")  Allegations in a petition that are vague, conclusory, or palpably incredible, and that are unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal.  See, e.g., Jones v. Gomez, 66 F.3d 199, 204-205 (9th Cir.1995); James v. Borg, 24 F.3d 20, 26 (9th Cir.1994).

IV. DISCUSSION

This petition must be summarily dismissed because it does not challenge the validity of a conviction or sentence.  Federal habeas petitions must allege that a petitioner is in custody in violation of the Constitution or laws or treaties of the United States.  See 28 U.S.C. § 2254(a).

To the extent that the pleading could arguably be construed to allege civil rights violations related to petitioner's conditions of custody, and therefore be converted to a civil rights action by the court, the undersigned declines to do so.  The conversion of a habeas petition into a civil rights complaint may only be done if the petition is amenable to the conversion on its face.  See Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016).  This means the habeas pleading must name the correct defendants and seek the correct relief.  See id.  While petitioner names B. Da Veiga and S. Ordonez as respondents / potential defendants (see ECF No. 1 at 1), there is nothing in the body of the petition that alleges either individual acted in a way that violated petitioner's civil rights protected under 42 U.S.C. § 1983.  See generally ECF No. 1.

For these reasons, the undersigned finds that the petition is not cognizable on federal habeas review, and it declines to convert the petition to a Section 1983 complaint.  Instead, the undersigned will recommend that this action be summarily dismissed for failure to state a claim upon which relief may be granted.

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is GRANTED, and

2. The Clerk of Court shall randomly assign a District Court Judge to this action.

IT IS FURTHER RECOMMENDED that this action be summarily dismissed for failure to state a claim upon which relief may be granted. See Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254; 28 U.S.C. § 1915(e)(2)(B)(ii).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 12, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE